**DAVID S. HOFFMAN**
Attorney at Law
75 East Santa Clara St., #1350
San Jose, CA   95113

David S. Hoffman     State Bar No: 151656

Telephone: 408/920-9687
Telefax:     408/920-2516

Attorneys for Secured Creditor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In Re<br><br>VILORIA, Florentino and Lilia,<br><br>       Debtor.<br><br>SSN:<br><br>MANAGEMENT AND INVESTMENT GROUP,<br><br>       Movant Secured Party,<br>-vs-<br><br>FLORENTINO and LILIA VILORIA, and DEVIN DURHAM-BURK, Trustee,<br><br>       Respondents. | Case No. 09-59380 -ASW<br>RS: DSH-001<br><br>Chapter 11<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: May 18, 2010<br>Time: 2 p.m.<br>Place: 280 S. First St., San Jose, CA<br>Ctrm: 3020<br>Judge: Arthur S. Weissbrodt |

TO ALL INTERESTED PARTIES:

MARTINIANO QUE, dba MANAGEMENT AND INVESTMENT GROUP, (hereinafter, "Secured Creditor") will and hereby does move the court for an Order terminating the automatic stay provisions of 11 U.S.C. §362 to allow Creditor to immediately commence and/or continue all acts necessary to recover possession of the real property commonly known as     **305 W. Cincinnati Dr., Las Vegas, NV** and more completely described as:

---

**LOT TEN (1) in Block Three (3) of JUDY RICH TRACT, as shown by map thereof on file in Book 4 of Plats, Page 27, in the Office of the County Recorder of Clark County, Nevada.**

Additionally, Secured Creditor seeks an Order for prospective *in rem* relief, effective on any other persons claiming to have an interest in the real property.

Alternatively, Secured Creditor seeks an Order for Adequate Protection requiring Debtor to, *inter alia*, reinstate all past due post-petition arrearages and immediately commence and maintain regular monthly payments.

This Motion is made pursuant to 11 U.S.C. §362(d), Bankruptcy Rules 4001 and 9014, and on the grounds that: Debtors have defaulted in the making of post-petition payments to Secured Creditor, as set forth in the accompanying Declaration of Martiniano Que; and that the property has no realizable equity; that the property is not necessary for an effective reorganization of debtors herein, and that Movant is not adequately protected.

In addition, Movant specifically seeks to nullify the effect of Bankruptcy Rule 4001(a)(3).

This motion is based on the papers and pleadings on file herein; the attached declaration of Martiniano Que, all of which is incorporated herein by reference, and on such other documents and testimony as may be presented at the hearing.

Date: April 12, 2010                                                *DAVID S. HOFFMAN, ATTORNEY AT LAW*

By __/s/ David S. Hoffman_____
David S. Hoffman, Attorney for Movant Secured Creditor

\

**MEMORANDUM OF POINTS & AUTHORITIES**

I. Jurisdiction

This court has jurisdiction of this action pursuant to 11 U.S.C. §362(d) and 28 U.S.C. §§ 157, 1334, and 1471.

II. Secured Creditor is entitled to
Relief From the Automatic Stay for "Cause"

under 11 U.S.C. §362(d)(1)

The filing of a petition operates as an automatic stay of any proceeding to enforce any lien against the debtor's property. 11 U.S.C. §362. Relief from the Automatic Stay may be granted pursuant to 11 U.S.C. Section 362(d). That subsection provides, in part, as follows:

> "On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided for under subsection (a) of this Section, such as terminating, annulling, modifying, or conditioning such stay:
>
> (1)  For cause, including the lack of adequate protection of an interest in property of such party in interest; or..."

A Debtor's failure to make post-petition mortgage payments can constitute sufficient cause for lifting the stay pursuant to 11 U.S.C. §362(d)(1). (In re Ellis, 60 B.R. 432 (9th BAP Cir. 1985); In re Anderson, (Bkrtcy. Pa. 1981) 9 B.R. 248.)

### III.  Burden of Proof

Where a creditor seeks relief from the automatic stay based on cause, the party opposing such relief has the burden of proving he is entitled to a continuation of the stay. 11 U.S.C., Section 362(g).

### IV.  Conditioned Stay

Where the property is necessary to the debtors' performance under the plan, a stay is proper if the security is not impaired and it is conditioned on an appropriate provision for curing of the defaults within a reasonable time and maintenance of payments during the pendency of the plan. (Hallenbeck v. Penn Mutual Life Ins. Co., (4th Cir. 1963) 323 F2d 566; In re Garrett, (N.D. Ala. 1962) 203 F.Supp. 459; In re Pizzolato, (W.D. Ark. 1967) 281 F.Supp. 109; In re Howard, (E.D. Ark. 1971) 344 F.Supp. 1138; In re Willett, (S.D. CA 1967) 265 F.Supp. 999.)

## V. Secured Creditor is Entitled To Collect Attorney's Fees

To the extent that an allowed secured claim is secured by property, the value of which, after any recovery under subsection (c) of 11 U.S.C. §506, is greater than the amount of such claim, there shall be allowed to the holder of such claim interest on such claim, and any reasonable fees, costs or charges provided for under the agreement under which the claim arose. 11 U.S.C. Section 506(b).

**WHEREFORE**, Secured Creditor prays judgment as follows:

(1) For an order granting relief from the automatic stay pursuant to 11 U.S.C. §362, permitting Secured Creditor to move ahead with foreclosure proceedings under this Secured Creditor's Deed of Trust and to sell the subject real property at a trustee's foreclosure sale under the terms of said Trust Deed and in accordance with applicable state law; and subsequent thereto, to take all steps necessary to obtain possession of the real property;

(2) For an Order that is binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees of the above-named Debtor(s) for a period of 180 days from the hearing of this Stay Motion without further notice.

(3) For an Order that is binding and effective in any bankruptcy case commenced by or against any debtor(s) who claim(s) any interest in the Property for a period of 180 days from the hearing of this Stay Motion without further notice.

(4) That this Order be binding and effective in any bankruptcy case, pending or future, no matter who the debtor(s) may be without further notice.

(5) In the alternative, for an Order requiring the Debtors to reinstate and maintain in a current condition all obligations due under all of the deeds of trust encumbering the subject property, including this Secured Creditor's Trust Deed (and including tax/insurance obligations and reimbursement to Secured Creditor of any sums advanced on the behalf of Debtors in order to protect this Secured Creditor's interest in the property); and allowing this Secured Creditor to proceed to a

1  Trustee's Sale of the subject property, and obtain possession thereof upon the failure of Debtor to
2  maintain such payments in a current status.
3       (6)    For attorney's fees and costs of suit incurred herein.
4       (7)    For such other and further relief as the Court may deem just and proper.

6  Date: April 12, 2010                           **DAVID S. HOFFMAN, ATTORNEY AT LAW**

                                                  By __/s/ David S. Hoffman
                                                  David S. Hoffman, Attorney for Movant
                                                  Secured Creditor

**PROOF OF SERVICE BY MAIL**

State of California }
County of Santa Clara }

I, the undersigned, declare as follows:

    I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action. My business address is 75 E. Santa Clara St., #1350, San Jose, CA 95113.

    On _____, I served the foregoing document described as **NOTICE OF PRELIMINARY HEARING; MOTION FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DON REVELO IN SUPPORT THEREOF** on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at Campbell, California, addressed as follows:

Debtor:

Attorney for Debtor:

Trustee:

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____          _____

_____

Case No. 09-59380-ASW        Motion for Relief From Stay...

Case: 09-59380    Doc# 101    Filed: 04/12/10    Entered: 04/12/10 16:45:57    Page 7 of 7