**KENNETH R. GRAHAM, SBN 216733**
Law Offices of Kenneth R. Graham
171 Mayhew Way, Suite 208
Pleasant Hill, CA 94523
Tel. No. (925) 932-0170
Fax No. (925) 932-3940
Email: krg@elaws.com

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In Re:

FLORENTINO QUILALA VILORIA and

LILIA ABROGAR VILORIA,

       Debtors.

) Case No.: 09-59380
)
) Chapter 11
)
) **DEBTORS' OPPOSITION TO MOTION**
) **FOR RELIEF FROM AUTOMATIC STAY**
) **AND MEMORANDUM OF POINTS AND**
) **AUTHORITIES IN SUPPORT THEREOF**
)
) Hearing Date: May 18, 2010
) Time:  2:00 p.m.
) Place: U.S. Bankruptcy Court
)         Courtroom 3020
)         280 South First Street
)         San Jose, CA
) Judge: The Hon. Arthur S. Weissbrodt

**TO THE COURT, MARTINIANO QUE, dba MANAGEMENT AND INVESTMENT GROUP, AND THE UNITED STATES TRUSTEE:**

   **NOTICE IS HEREBY GIVEN** that Debtors, FLORENTINO QUILALA VILORIA and LILIA ABROGAR VILORIA, hereby oppose the Motion for Relief from Automatic Stay submitted by Creditor, MARTINIANO QUE, dba MANAGEMENT AND INVESTMENT GROUP ("Creditor"). The instant opposition is based upon this Notice, the Memorandum of Points and Authorities, upon all papers, records and documents on file with the court, and upon evidence, oral and documentary, which may be presented at the hearing on the motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

Debtors hereby submit the following memorandum of points and authorities in support of their opposition to the motion for relief from the Automatic Stay.

## I. Introduction

Debtors filed for Chapter 11 Bankruptcy on October 30, 2009, and are actively seeking a plan of reorganization; such reorganization includes the subject property of the instant motion. The subject property is a 10-unit apartment complex located at 305 W. Cincinnati Avenue, Las Vegas, NV. The property is currently vacant due to repairs being in process.

## II. Argument

**A. The Court, Using its Discretionary Power as Given Under 11 U.S.C. § 362(d)(1), Should Not Lift the Automatic Stay at this Point in the Bankruptcy Process while Debtors formulate their Chapter 11 Plan.**

The Court of Appeals for the Ninth Circuit stated that "the Bankruptcy Code makes clear that one of the purposes of the Automatic Stay is to give a debtor a 'breathing spell from his creditors' during which the debtor can "attempt a repayment ... plan, or simply ... be relieved of the financial pressures that drove him into bankruptcy." In re Sherman, 491 F.3d 948, 972 (Cal. 2007). "[A]nother purpose of the Automatic Stay is to protect creditors by providing 'an orderly liquidation procedure under which all creditors are treated equally' rather than 'a race of diligence by creditors for the debtor's assets'" Id.

The subject property, located at 305 W. Cincinnati Avenue, Las Vegas, NV, is a 10-unit apartment complex. The property was damaged from previous tenants, who also stole the air conditioning units that serviced the individual units. Debtors received insurance proceeds to replace the air conditioning units, but Creditor is withholding the money, which is preventing Debtors from replacing them and renting the apartments.

Debtors are trying to work with Creditor to release the money in order to complete the repairs and rent out the units.

Debtors argue that the property is essential to their reorganization since the subject property has potential to be profitable. A motion to value the lien held by Creditor was granted on April 27, 2010, valuing the lien at $250,000.00. Before the damage occurred, the units had

been rented for $400.00 per month. Debtors submit that Creditor is adequately protected based on the facts above.

Debtors seek a reasonable amount of time to formulate a reorganization plan under the protection of the Automatic Stay. Therefore, Debtors request that the court keep the Automatic Stay in place and deny relief to Creditor at this time.

**B. The Court Could Grant Less Drastic Relief than to Lift the Automatic Stay.**

Alternatively, even if the court determines Creditor is entitled to relief under the Automatic Stay, the stay should not be terminated. The court should grant less drastic relief by conditioning the stay upon Debtors making monthly adequate protection payments.

As discussed above, Creditor's lien on the property is in the amount of $250,000.00. Creditor's note currently calls for a monthly payment in the amount of approximately $2,900.00 per month, including impounds. An equivalent payment based on the valuation of Creditor's lien at 5.0% over 30 years would yield approximately a $1,342.00 monthly payment.

Debtors therefore submit that if adequate protection payments are deemed necessary by the court, that such payments should not exceed $1,342.00 per month.

**III. Conclusion**

For at least the reasons stated above, Debtors submit that lifting the Automatic Stay would harm Debtors and be disruptive to the bankruptcy proceedings at this point in time. Moreover, Debtor would suffer irreparable harm if the court were to lift the Automatic Stay and allow Creditor to foreclose on Debtors' rental property.

Furthermore, lifting the Automatic Stay when Creditor's act of withholding insurance proceeds is delaying the ability to rent the apartments, unfairly benefits Creditor.

WHEREFORE, Debtors pray the court that:

1. The Automatic Stay remain in place, with respect to the subject property, as Debtors move forward in their exclusive plan formulation period of the instant Chapter 11 Bankruptcy; and

2. If the court finds that adequate protection payments are required, then a monthly payment of $1,342.00 should be deemed sufficient to provide adequate protection to Creditor's interest in the subject property.

Dated: May 17, 2010

By:     */s/ Kenneth R. Graham*
KENNETH R. GRAHAM
Law Offices of Kenneth R. Graham
Attorneys for Debtors